UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-594(DSD/SRN)

Troy Shannon,

    Plaintiff,

v.                                                              **ORDER**

ACS State and Local
Solutions, Inc.,

    Defendant.

    Troy Shannon, 326 South Broadway Avenue, No. 223, Wayzata, MN 55391, pro se.

    Charles F. Webber, Esq. and Faegre & Benson, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court on defendant's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants defendant's motion.

**BACKGROUND**

This dispute arises out of plaintiff Troy Shannon's ("Shannon") alleged motor-vehicle-related fines owed to Hennepin County, Minnesota. Hennepin County contracts with defendant ACS State and Local Solutions, Inc. ("ACS") for ACS to collect on behalf of the county various obligations, including unpaid fines associated with motor vehicle citations. ACS records indicate that

Shannon received two motor-vehicle-related citations in Hennepin County - a parking ticket and a fine for invalid vehicle registration - and has paid neither fine. ACS sent Shannon a letter attempting to collect the fines.

On January 9, 2008, Shannon filed a statement of claims in Hennepin County conciliation court alleging that ACS violated the Fair Debts Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). ACS removed the case to federal court on February 29, 2008, and now moves for summary judgment.

## DISCUSSION

**I.   Standard of Review**

The moving party in a motion for summary judgment will prevail if it demonstrates to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon

mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a nonmoving party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.  FDCPA**

Shannon argues that ACS violated the FDCPA by failing to validate the debt upon his request. All operative provisions of the FDCPA refer to "debt" collection. See 15 U.S.C. §§ 1692e, 1692g(a). The Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Id. § 1692a(5). Under this definition, a "debt," for the purposes of the FDCPA, arises only in the context of a "business dealing or other consensual consumer transaction." Hicken v. Arnold, Anderson & Dove, P.L.L.P., 137 F. Supp. 2d 1141, 1143 (D. Minn. 2001). County-levied fines and restitution meet none of the criteria of a FDCPA "debt," as defined. Accordingly, Shannon's claim fails as a matter of law, and the court grants defendant's motion for summary judgment as to this claim.

**III.  FCRA**

Under the FCRA, a furnisher of credit information cannot report information to a consumer reporting agency if the furnisher "knows or has reasonable cause to believe the information is inaccurate" or the consumer notifies the furnisher that the information is inaccurate and "the information is, in fact, inaccurate." 15 U.S.C. §§ 1681s-2(a)(1)(A), (a)(1)(B).  Shannon has offered no evidence to demonstrate that ACS knew or should have known that the information it was reporting was inaccurate or that he notified ACS about the allegedly inaccurate information. Therefore, Shannon has failed to satisfy the requirements of the FCRA, and the court determines that summary judgment is warranted on his claim.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. No. 5] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  May 30, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court
